ALBERT FOSTER TULL,

*vs.*

WALTER S. SMITH.

*New Castle, November* 25, 1946.

*W. Thomas Knowles*, of the firm of Knowles and All-mond, for complainant.

*Clement C. Wood*, of the firm of Hering, Morris, James & Hitchens, for defendant.

SEITZ, Vice-Chancellor: I am required to determine whether the contract alleged in the bill of complaint is sufficiently definite to be specifically enforced.

Complainant filed a bill seeking specific performance of an alleged written contract by which the defendant had agreed to sell certain real estate. The bill alleges that the following contract was executed by the complainant Tull and the defendant Smith:

"6.24.46

"Received of

"Albert F. Tull
"2418 Main Rd.
"Elsmere, Del.

"Hand money on purchase price of property located at 2418 Main Road, Elsmere, Delaware at purchase price of $5000.00 (Five Thousand dollars)

"Signed—Walter S. Smith
"Signed—Albert F. Tull

"Witness (s) George W. Lockwood
"1612 W. 5th St.
"Wilm."

The bill further alleges that a check in the following form was given by the complainant to the defendant on the same day that the agreement was executed:

"Hand money on purchase price of property at 2418 Main Road
Elsmere, Del.                Tull's Pharmacy        No. 1775
at purchase price           Brack-Ex, Delaware
of $5000.00                         Wilmington, Del. 6—24 1946

Pay to the                  Walter S. Smith      $100 00/100
 Order of

One Hundred and ..........................................00/100    Dollars

To Industrial Trust Company,   } Albert F. Tull"
    Wilmington, Del.

It is then alleged that the defendant cashed the check, but subsequently attempted to return the money and expressed his unwillingness to perform the contract because the purchase price was too low. Complainant further alleges that the tender of the balance of the full purchase price was made to the defendant on August 27, 1946, together with a deed in proper form, but that it was refused. Complainant also avers that the purchase price is not ridiculously low and that the defendant was in full possession of his faculties when he executed the agreement.

Defendant has demurred to the bill of complaint on the grounds that the alleged contract "contains no stipulation

for a conveyance of the property which is the subject matter of this suit; contains no stipulation as to place of performance; contains no stipulation as to how the balance alleged to be due is to be paid and contains no stipulation as to when the balance alleged to be due is to be paid."

Defendant's principal objections to the contract are that it does not set a time for payment or a place for performance.

While it is doubtless true that the Delaware court, *Godwin v. Collins*, 4 *Houst.* 28, 54, as well as the courts generally, 65 *A.L.R.* 102, have distinguished—verbally at least—between the degree of certainty necessary to entitle one to specific performance of a contract and that required to sustain an action at law for breach of contract, such a distinction is of little aid to a court in arriving at a decision as to whether or not a particular contract does or does not exist. Moreover, it is somewhat difficult to understand why a distinction should in fact be drawn between the two situations when both at law and in equity an agreement must be proved before it can be said to have been breached.

The following statement of the Chancellor in *Ehrenstrom v. Phillips*, (*Del.Ch.*) 77 *A.* 81, 85, while a dictum, would seem to constitute a reasonable answer to the defendant's contention that no time for payment is provided for in the agreement:

"Again the defendant might have urged that no time for performance of the contract was fixed in it. But the law will imply that fulfillment within a reasonable time was sufficient and the reasonableness of the time of performance depends upon the particular circumstances of the case."

Defendant indicates that time is of the essence here and implies that the application of the "reasonable time" rule would be inconsistent with that construction of the agreement. I do not believe that defendant's contention can be decided on demurrer, because evidence must be considered to determine such a point. In general in equity time

is not of the essence of a contract for the sale of lands. It is now also settled, however, that in such contracts time may become of the essence of the contract, either by being made so by the contract itself, or from the nature and situation of the subject matter of the contract, or by express notice given, requiring the contract to be closed or rescinded at a stated time, which must be a reasonable time, according to the circumstances of the case. See *King v. Ruckman,* 21 *N.J.Eq.* 599; *Pomeroy's Specific Performance of Contracts,* (*3rd Ed.*) §§ 371, 373.

Defendant's second contention that the place of performance is not designated, and that the contract is, therefore, indefinite, is unacceptable. The law will assume that tender may be made in various ways depending upon the circumstances. See 62 *C.J., Tender,* § 24. The bill of complaint indicates that a cash tender of the full amount of the balance was made to the defendant by the attorney for complainant along with a deed in proper form. I conclude—on demurrer—that such a tender complied with the provisions of the agreement, as that agreement is to be interpreted with its legally implied conditions.

The other contentions advanced by defendant with respect to the insufficiency of the agreement are also without merit. The demurrer should be overruled.

An order accordingly will be advised.