**Richard L. BRYAN, an Individual, Petitioner,**

v.

**R. Alexander MOORE, an Individual, and in his capacity as an Officer, an Agent of Al–Tex, Inc., a Delaware corporation, Anna B. Moore, an Individual and Al–Tex, Inc., a Delaware corporation, Respondents.**

**C.A. No. 2199–S.**

Court of Chancery of Delaware, Sussex County.

Submitted: Sept. 22, 2004.
Decided: Sept. 28, 2004.

---

6. *Annan v. Wilmington Trust Co.,* 559 A.2d 1289, 1292 (Del.1989)

7. *Id.*

8. *Cisneros v. Alpine Ridge Group,* 508 U.S. 10, 18, 113 S.Ct. 1898, 123 L.Ed.2d 572 (1993).

Alix K. Robinson, Esquire, Griffin & Hackett, P.A., Georgetown, Delaware, Attorney for the Petitioner.

Bradley S. Eaby, Esquire, Barros, McNamara, Malkiewicz & Taylor, P.A., Dover, Delaware, Attorney for the Respondents.

## *OPINION*

LAMB, Vice Chancellor.

### I.

This is an action for specific performance of two interrelated contracts for the purchase of real property. After the time set in the contracts for closing passed, the sellers took the position that the contracts had lapsed and refused to attend a closing scheduled for a date approximately one month later. The buyer, in contrast, appeared at the later scheduled closing and was ready, willing and able to perform.

The buyer has moved for summary judgment, and the question presented is whether either the specific language of the contracts at issue or the conduct of the parties provides a basis from which the court could conclude that the buyer's failure settle at the time specified in the contracts amounted to a material breach of his performance obligations. Reading the specific contract terms at issue in the light of applicable legal precedent, it is clear that the buyer was not in breach of the

contracts and is entitled to the remedy of specific performance.

## II.

On January 10, 2002, Richard L. Bryan, the buyer, entered into two contracts to purchase real property in Sussex County, Delaware: a ten-foot alley from Anna B. Moore, acting through her agent, R. Alexander Moore, and a lot adjacent to the alley from Al–Tex, Inc.[1] The contracts are identical and contain a settlement provision, which reads:

> Settlement: Final settlement shall be completed on the 28th day of February 2002, or before if mutually agreed upon, at which time possession shall be given. It is expressly understood and agreed if a longer time is necessary to secure a survey, or to prepare the necessary legal and financial settlement documents, the date of settlement shall be extended for a reasonable time to effect these conditions.

Settlement did not take place on the date named in the contracts and, on March 11, 2002, the sellers notified the buyer of their position that the contracts were, as a result, null and void. Notwithstanding this communication, on March 13, 2002, the buyer communicated his intention to per-form both contracts and, on March 22, 2002, proposed that settlement occur on March 27, 2002. The sellers, viewing the contract as null and void, did not attend settlement on March 27, 2002, at which time the buyer appeared, and was ready, willing and able to perform. The buyer then sued for specific performance of the contracts.

■ The buyer has moved for summary judgment pursuant to Court of Chancery Rule 56.[2] Specific performance will be granted when a party proves that he has a valid contract to purchase real property and that he is ready, willing and able to perform his obligations under the contract.[3] In response, the sellers concede that the buyer was ready, willing and able to perform on March 27, 2002, but argue that time was of the essence in these contracts, and the buyer's failure to settle on February 28, 2002 was a material breach that caused the contracts to be null and void.[4]

## III.

■ "Generally time is not of the essence in suits to specifically enforce a contract for the sale of land"[5] and will not be of the essence unless it is specifically stated in the contract.[6] The exception to this

---

1. Al–Tex, Inc. acted through its officer and agent, R. Alexander Moore. The sellers in this action are: R. Alexander Moore, Al–Tex, Inc., and Anna B. Moore.

2. Summary judgment is appropriate when there are no questions of material fact and the moving party is entitled to judgment as a matter of law. Ct. Ch. R. 56(c). *See Williams v. Geier*, 671 A.2d 1368, 1375 (Del.1996).

3. *Silver Props., L.L.C. v. Ernest Megee, L.P.*, 2000 WL 567870, at *2 (Del.Ch. Apr. 27, 2000).

4. In the pleadings, the sellers also raise several affirmative defenses questioning the validity of the original contract including mutual mistake, mutual misunderstanding, lack of legal title, and failure of condition precedent. However, they did not address any of these in their answering brief in opposition to the motion for summary judgment. Thus, the court considers these defenses waived, and the original contract is deemed valid.

5. *Butzke v. Beach Homes, Inc.*, 1984 WL 159380, at *2 (Del.Ch. Apr. 2, 1984) (citing *Tull v. Smith*, 50 A.2d 908 (Del.Ch.1946)).

6. *Id. See also Silver Props.*, 2000 WL 567870, at *2 (stating "[g]enerally, time is not of the essence in real estate contracts unless the contract specifically contains the language time is of the essence thereby making the parties intent unmistakable").

rule arises where, even if the contract is silent, "the course of dealing between the parties clearly implies that time has become of the essence." [7]

In *Butzke v. Beach Homes, Inc.*, this court had occasion to analyze a contract for the sale of land containing exactly the same settlement provision as the contracts at issue here.[8] The court there held that the language used in the contract did not make time of the essence.[9]

Here, the words "time is of the essence" are not in the contract and cannot reasonably be inferred by the language used. Indeed, the settlement provision in the contract expressly allows for a reasonable extension after the February 28, 2002 date fixed for settlement, a strong indication that the parties did not intend for time to be of the essence. Moreover, the sellers never notified the buyer that time was of the essence prior to their March 11, 2002 repudiation. Thus, there is no basis in the parties' performance to support a conclusion that the buyer's failure to settle on or before March 11, 2002 constituted a breach of contract or otherwise gave the sellers a right to repudiate the contracts.

█ If time is not of the essence in a contract, the court will allow a reasonable time to perform.[10] The court will consider the circumstances of the transaction when determining if the extension of time is reasonable.[11] Here, the buyer notified the sellers on March 13, 2002 of his desire to perform despite the sellers' repudiation, and, on March 22, 2002, requested a settlement date of March 27, 2002. On that day, the buyer appeared and was ready, willing and able to perform. The court finds this approximate one-month delay in settlement to be reasonable under the circumstances.[12]

Because the one-month delay in settlement is, as a matter of law, not unreasonable, the court will not inquire into the reasons for the delay. Similarly, the court need not resolve the disputed issue of fact about whether or not the buyer told the sellers before February 28, 2002 that he would be unable to go to settlement by that date. Even if the delay had been due to some negligence on the part of the buyer and he never communicated with the sellers about his inability to go to settlement on the date set in the contract, the contract remained valid and enforceable. In particular, the court notes that there is no suggestion in the record that the buyer's delay was intentional or worked any harm to the sellers.[13]

---

7. *Silver Props.*, 2000 WL 567870, at *2.

8. *See* 1984 WL 159380, at *2 (stating that "[t]he contract further provided: SETTLEMENT Final settlement shall be completed on or before the 20th day of November, 1983 at which time possession shall be given. It is expressly understood and agreed that if a longer time is necessary to secure a survey or to prepare the necessary legal and financial settlement documents, then the date of settlement shall be extended for a reasonable time to effect these conditions.") (citations omitted).

9. *Id.*

10. *See Silver Props.*, 2000 WL 567870, at *5 (stating that fixed dates in contracts without

time of the essence language are considered "good faith estimates of when the transaction will be consummated").

11. *See id.* at *8 (finding the extension to be reasonable "given the history of the transaction").

12. *See Wolf v. Crosby*, 377 A.2d 22, 27 (Del. Ch.1977) (finding a one and a half month delay in settlement reasonable). The sellers here have also conceded that an approximate one-month delay is reasonable if time is not of the essence.

13. *See* POMEROY, EQUITY JURISPRUDENCE, 5th ed., § 1408 (stating that if time is not of the essence a party is entitled to specific perform-

## IV.

For the foregoing reasons the court finds that the petitioner is entitled to specific performance as a matter of law. The petitioner's motion for summary judgment is therefore GRANTED. IT IS SO ORDERED.

ance despite his own delay, but "the delay must not be willful and intentional, and must not have worked any harm to the other party").